## Michael v. Lancaster School District

*Bernard J. Myers, Jr.*, for plaintiff.

*Theodore L. Brubaker*, school district solicitor, for defendant.

WISSLER, P. J., April 5, 1957.—Plaintiff, Harold K. Michael, individually and as natural guardian of Gary Michael, filed a complaint in trespass against the School District of Lancaster, the City of Lancaster and the Lancaster Recreation Association for injuries sustained by the minor plaintiff. The School District of Lancaster, one of defendants, filed five preliminary objections to the complaint. The gravamen of the objections is set forth in paragraph two, which reads as follows: "The complaint fails to state a cause of actionable negligence against the School District of Lancaster, Pa., in that the injuries occurred while the Defendant School District was acting within the scope of its legitimate governmental functions."

Plaintiff, in his complaint, alleges the following: "(7) On or about the 27th day of July, 1955, the defendant, School District of the City of Lancaster, Pennsylvania, was the owner of a tract of land, situated on East Strawberry Street, in the City of Lancaster, Pennsylvania, on which is erected an Elementary school building, now known as the Reigart School; (8) On or about the 27th day of July, 1955, the playground connected with the Reigart school and located on land owned by the defendant, the School District of Lancaster, Pennsylvania, was being used by the defendant, the Lancaster Recreational Association, as a playground for the children in the neighborhood; (9) Immediately Southwest of the land owned by the de-

fendant, the School District of Lancaster, Pennsylvania, is a cemetery and the land of the Cemetery Association is separated from the land of the defendant School District, by a pipe and wire fence which fence is owned by the defendant School District, the maintenance of which is entirely under the control of the defendant School District; (10) On or about the 27th day of July, 1955, Gary Michael, the son of the Plaintiff, was participating in the activities of the Lancaster Recreational Association, on the playground of the Reigart school and he was hit from the rear by a child on a bicycle and was thrown forward so that he struck a portion of the fence mentioned in paragraph nine, in or below his right eye; (11) At the time of the accident and a long time prior thereto, the wire fence mentioned in paragraph nine was bent over so that the top portion of the fence with its jagged edges was bent into and over the playground and created a hazardous condition; and (12) This hazardous condition existed for a sufficient length of time so that the defendant School District, through its agent, would have noticed the condition and would have had sufficient time, prior to the accident, to correct it."

The school district, the objecting defendant, contends that the facts averred as to negligence, even if proved, would create no liability as it was engaged in a governmental function, nor do the facts averred, even if established by proof, constitute a nuisance.

It is clear that the averment as to the top portion of the fence with its jagged edges bending into and over the playground, did not constitute a nuisance to which the immunity as respects governmental agencies has been held not to extend: Brinton v. School District of Shenango Township, 81 Pa. Superior Ct. 450. Plaintiff, while conceding the general law of nonliability of the school district for its negligence in the performance of its governmental functions, contends

that the maintenance of the fence was not part of defendant's governmental functions. However, this same question arose in the case of Carlo v. Scranton School District, 319 Pa. 417, in which the death of a minor was caused when the flagstaff maintained by the school district fell and struck the child. Mr. Justice Maxey in reference to the theory of maintenance of a nuisance stated, at page 419 of the opinion: "The characterization as a 'nuisance' of the situation presented in the statement of claim is warranted only on the theory that every negligent act of omission or commission is a nuisance", and further: "Defendant may have been negligent in failing to keep the flagstaff in proper condition, but it does not follow that such a default would, without more, amount to a nuisance."

As respects the averments of negligence, it has been uniformly held that a school district is not liable for negligence of its officers or servants in the exercise of governmental functions: Ford v. Kendall Bor. Sch. District, 121 Pa. 543; Kesman v. Fallowfield Township School District, 345 Pa. 457, and by many lower court cases. In Carlo v. Scranton School District, 319 Pa. 417, supra, it is further stated by Mr. Justice Maxey, at page 420: "There is a distinction between the liability of a municipal corporation for the negligence of its employees and the liability of an agency of the Commonwealth whose sole purpose is the maintenance and support of the schools within its territorial division."

And in Galloway v. Prospect Park Borough School District, 331 Pa. 48, 51, Mr. Justice Stern, in a matter involving the question whether a given activity was governmental or proprietary, stated: "Physical education is as much a part of the school curriculum as are subjects of intellectual study, and athletic supplies, therefore, are as 'necessary for school use' as maps, globes, and similar objects. It is not the spirit of our

public school system that only children with financial means to purchase their own supplies should have the opportunity of participating in school games and athletic sports. Of course, the extent to which athletic paraphernalia should be purchased for use merely by school teams playing in competitive sports is a question to be answered by school boards in the exercise of a cautious discretion, with special reference to the proportionate number of those who will receive the benefit of such supplies."

Article VII, sec. 775, of the Public School Code of March 10, 1949, P. L. 30, as amended October 7, 1955, P. L. 676, 24 PS §7-775, provides: "The board of school directors of any district may permit the use of its school grounds and buildings for social, recreation, and other proper purposes, under such rules and regulations as the board may adopt. The board shall make such arrangements with any city, borough, or township authorities for the improvement, care, protection, and maintenance of school buildings and grounds for school, park, play, or other recreation purposes, as it may see proper. Any board of school directors may make such arrangements as it may see proper with any officials or individuals for the temporary use of school property for schools, playgrounds, social, recreation, or other proper educational purposes, primaries and elections. . . ." This section of the act strongly indicates a legislative intent that the providing of playgrounds by the school districts was to be a governmental and not a proprietary function.

The final contention of plaintiff that section 1 of the Act of September 26, 1951, P. L. 1527, 24 PS §7-774, empowering school districts to pay for liability insurance out of school funds by implication at least makes a school district liable for its torts, is met by the decisions in Kesman v. Fallowfield Township School District, 345 Pa. 457, supra, and Siidekum v.

155

Animal Rescue League of Pittsburgh, 353 Pa. 408, holding that a school district's immunity from tort liability is not destroyed or impaired because it carries liability insurance.

### Order

And now, April 5, 1957, for the foregoing reasons the preliminary objections filed by the School District of Lancaster, one of defendants, to plaintiff's complaint are sustained.