## Morris, Appellant, *v.* Mount Lebanon Township School District.

634

Argued March 26, 1958. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

*Owen B. McManus, Jr.*, with him *Brandt, Riester, Brandt & Malone*, for appellants.

*H. A. Robinson*, with him *Clifford J. Koerth, Samuel A. Schreiner*, and *Dickie, McCamey, Chilcote & Robinson*, for appellee.

Opinion by Mr. Justice Cohen, September 29, 1958:

For purposes of this appeal the following allegations are assumed to be true:

In the summer of 1953 the School District of the Township of Mount Lebanon conducted a recreation program open to the general public upon the payment of an admission fee. The program, which was not a part of the regular school curriculum, consisted of those activities normal to a summer day-camp, includ-

ing arts and crafts, dancing and swimming. Plaintiff's minor decedent, Constance Morris, was duly enrolled in this recreation program upon payment by her parents of the weekly charges. On July 30, Constance drowned while playing in the water of the swimming pool. The failure of the defendant's employees in charge to give proper supervision and the rough and disorderly play in the water of those employees and others was alleged by Constance's father, the administrator of her estate, as the basis for the present action against the school district for wrongful death. Preliminary objections setting up the defense of the immunity of a governmental agency from tort liability were filed by the school district. The court below, *en banc,* sustained this objection and dismissed the complaint. Plaintiff has now appealed.

The doctrine of sovereign immunity and its application to local government law need not detain us here. The errors of history, logic and policy which were responsible for the development of this concept have been clearly exposed,[1] and thoroughly criticized.[2] Nevertheless, the solution of the problem of government responsibility in tort is too complex an undertaking to permit the partial and piecemeal judicial reform which the plaintiff seeks. Establishment of a compre-

---

[1] Borchard, Government Liability in Tort, 34 Yale L.J. 1, 129, 229 (1924) ; Borchard, Governmental Responsibility in Tort, VI, 36 Yale L.J. 1, 757, 1039 (1926) ; Borchard, Governmental Responsibility in Tort, VII, 28 Colum. L. Rev. 577, 734 (1928).

[2] Symposium on Government Tort Liability, 9 Law & Contemp. Prob. 179 (1942) ; Harno, Tort Immunity of Municipal Corporations, 4 Ill. L.Q. 28 (1921) ; Seitz, School District Responsibility for Negligent Supervision of Pupils, 25 Marq. L. Rev. 115 (1941) ; Notes, 46 Harv. L. Rev. 305 (1932) ; 100 U. of Pa. L. Rev. 92 (1951) ; Prosser, Torts 774-780 (2nd ed. 1955). See especially the treatment of the problem in 2 Harper and James, Torts §29.1-29.6 (1956).

hensive program by legislation applicable to the Commonwealth and to all of its sub-divisions is sorely needed to deal effectively with tort claims arising out of the conduct of governmental activities.[3]

In conformity with the prevailing American view, we have long held that municipal corporations are not immune from liability in tort for the negligent acts of their servants committed in the course of the municipalities' proprietary functions. *Hartness v. Allegheny County,* 349 Pa. 248, 37 A. 2d 18 (1944); *Kelley v. Cumberland County,* 229 Pa. 289, 78 Atl. 276 (1910). Although early cases appear to have distinguished between municipal corporations proper, (cities and boroughs), and quasi-municipal corporations, (counties, townships and school districts),[4] stating that the latter were subject to a *lesser liability,*[5] these decisions meant no more than that as quasi-municipal corporations they exercised predominantly "governmental" functions, *the area of their potential liability was more limited.* It is clear that if these quasi-municipal corporations perform what can be said to be "proprietary" functions, the liability of a true municipal corporation attaches. See, e.g., *Pintek v. Allegheny County,* 186 Pa. Superior Ct. 366, 142 A. 2d 296 (1958) (school district); *Bell v. Pittsburgh et al.,* 297 Pa. 185,

---

[3] See, e.g., *Scibilia v. Philadelphia,* 279 Pa. 549, 563-64, 124 Atl. 273 (1924); *Honaman v. Philadelphia,* 322 Pa. 535, 537, 185 Atl. 750 (1936); Borchard, State and Municipal Liability in Tort—Proposed Statutory Reform, 20 A.B.A.J. 747, 793 (1934); 2 Harper & James, Torts §29.11 (1956). Cf. Federal Tort Claims Act of 1946, 28 U.S.C.A. §§2671-2680.

[4] 1 McQuillin, Municipal Corporations §§2.04, 2.05, 2.07, 2.13 (3rd. ed. 1949). But cf. Phillips, Legal Position of Local Units of Government in Pennsylvania, 13 Temp. L.Q. 466 (1939).

[5] See *Ford v. Kendall Borough School District,* 121 Pa. 543, 15 Atl. 812 (1888); *Carlo v. Scranton School District,* 319 Pa. 417, 179 Atl. 561 (1935).

146 Atl. 567 (1929) (county); *Michael v. Lancaster School District,* 11 Pa. D. & C. 2d 150 (1957), aff'd, 391 Pa. 209, 137 A. 2d 456 (1958) (dicta). See Note, 100 U. of Pa. L. Rev. 92, 97-98 (1951). Cf. 4 Restatement, Torts §887 (1939) (only the state has complete immunity from liability in tort). We are not disposed to enlarge further the immunity from tort liability accorded school districts. Cf. *Reichvalder v. Borough of Taylor,* 322 Pa. 72, 76, 185 Atl. 270 (1936).

Whatever may have been the governmental nature of the functions exercised by school districts in the past, their increased powers under the present School Code enable them to carry on many of the so-called proprietary endeavors characteristic of true municipal corporations. See Act of March 10, 1949, P. L. 30, art. II, §§211-217, 24 P.S. §2-211-2-217.

We must therefore consider whether the injury causing activity carried on by the school district in this case was an exercise of one such proprietary power.

Perhaps there is no issue known to the law which is surrounded by more confusion than the question whether a given municipal operation is governmental or proprietary in nature.[6] Two reasons may be assigned therefor: First, the concept of proprietary functions has been viewed "liberally"[7] and exceptions to the rule of non-liability for the conduct of governmen-

---

[6] See *Hill v. Allentown Housing Authority,* 373 Pa. 92, 94, 95 A. 2d 519 (1953); *Honaman v. Philadelphia,* 322 Pa. 535, 537. 185 Atl. 750 (1936); *Scibilia v. Philadelphia,* 279 Pa. 549, 560, 124 Atl. 273 (1924). See 38 Am. Jur., Mun. Corp. 266-267 (1941). Compare *McCormick v. Allegheny County,* 263 Pa. 146, 106 Atl. 203 (1919) with *Szilagyi v. Bethlehem,* 312 Pa. 260, 167 Atl. 782 (1933).

[7] E.g., *Honaman v. Philadelphia,* 322 Pa. 535, 185 Atl. 750 (1936) (maintenance of parks is proprietary function); *Hill v. Allentown Housing Authority,* 373 Pa. 92, 95 A. 2d 519 (1953) (refuse dump).

tal functions have been created[8] because of judicial recognition that the losses caused by the torts of public employees should properly be treated, as in other cases of vicarious liability, as a cost of government administration. See Prosser, Torts 775 (2nd ed. 1955). Second, the tests yet devised for distinguishing between governmental and proprietary functions have proven unsatisfactory. See 2 Harper and James, Torts §29.6 at 1621-1627 (1956).

In general, (and perhaps unhelpfully), it has been said that if a given activity is one which a local government unit is not statutorily required to perform, or if it may also be carried on by private enterprise, or if it is used as a means of raising revenue, the function is proprietary. See *Hill v. Allentown Housing Authority,* 373 Pa. 92, 95 A. 2d 519 (1953).

In the instant case, although the nature of a summer recreation program has not before been judicially determined, the activity satisfies the requirements of a proprietary function. Thus, the school district in this case was not required by statute to undertake the recreation program, nor was the program even a part of the regular school curriculum. On the contrary, it was open to members of the general public residing both within and without the school district. Furthermore, the summer activity was of a type regularly conducted by private enterprises and a charge was made for participation therein.

We hold that these factors are sufficient to render the defendant subject to liability for the negligence

[8] *Boorse v. Springfield Township,* 377 Pa. 109, 112, 103 A. 2d 708 (1954); *Hill v. Allentown Housing Authority,* 373 Pa. 92, 96, 95 A. 2d 519 (1953); *Anderson v. Philadelphia,* 380 Pa. 528, 530, 112 A. 2d 92 (1955); *Reichvalder v. Borough of Taylor,* 322 Pa 72, 76, 185 Atl. 270 (1936); *Scibilia v. Philadelphia,* 279 Pa. 549, 555, 124 Atl. 273 (1924).

of its employees as herein alleged. Cf. *Styer v. Reading,* 360 Pa. 212, 61 A. 2d 382 (1948).

The order is reversed, the preliminary objections dismissed, and the complaint reinstated with a procedendo.

Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES concur in the result.