Harker, Appellant, *v.* D. & H. Building
Wreckers, Inc.

Argued March 14, 1968.   Before MUSMANNO, JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*L. J. Bucki and Bresci R. P. Leonard,* with them
*Royston, Robb, Leonard, Edgecombe, Miller & Shorall,*
for appellant.

*Cyril A. Fox,* Assistant City Solicitor, with him
*Robert Engel,* Assistant City Solicitor, and *David
Stahl,* City Solicitor, for City of Pittsburgh, appellee.

OPINION PER CURIAM, April 24, 1968:
Judgment affirmed.
Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
D. & H. Building Wreckers, Inc. was employed to
demolish the Rosenbaum Building in downtown Pittsburgh.   During the course of the demolition, debris
from that building fell through the roof of an adjoining building, injuring appellant Nellie Harker, an em-

ployee of the firm occupying that space.

Appellant subsequently brought actions against all of the eight parties potentially liable, including the City of Pittsburgh, the theory being that liability stems from the failure of the City to insure compliance with its ordinances establishing precautions to be taken in the course of such demolition and the City's negligent supervision and control of D. & H. The City thereafter filed an answer denying liability and asserting the defense of sovereign immunity. Its motion for judgment on the pleadings was granted by the court below which held the defense of governmental immunity dispositive. It is in that posture that the appeal reaches our Court.

I wish to take this opportunity to reaffirm the principle espoused in my dissenting opinion in *Dillon v. York City School District,* 422 Pa. 103, 220 A. 2d 896 (1966), i.e., that the onus for change in the scope of governmental immunity lies peculiarly with that institution solely responsible for its creation, viz., the courts, protestations from certain sources that such action should emanate from the Legislature notwithstanding.[1] Our Court faced these same problems in *Flagiello v. Penna. Hospital,* 417 Pa. 486, 208 A. 2d 193 (1965) and there found the long-standing doctrine of charitable immunity not impervious to a similar attack.

Since the promulgation of *Dillon,* supra, less than two years ago, at least one additional jurisdiction has judicially abandoned the governmental immunity doctrine and replaced it with one permitting suits against, in that instance, a municipality. *Brinkman v. City of Indianapolis,* 231 N.E. 2d 169 (App. Ct. Ind. 1967)

---

[1] The position that such change is singularly appropriate only to legislative action is, I believe, classifiable as a makeweight argument, disguising a sympathy with the status quo, either on its particular merits, or, more likely, merely because it *is* the status quo.

(5-1 vote, with one additional judge concurring in the result). It is curious that an ever increasing number of jurisdictions no longer feel that centuries of judicial integrity will be immediately dissipated by the abandonment of a doctrine which has become almost universally rejected as either unresponsive to the philosophy underlying its inception or the exigencies of current society.

It may be appropriate to note at this point that the imposition of potential liability would not automatically result in judgment for plaintiffs, for proof of all elements traditionally necessary for recovery in such instances would hardly be suspended.[2]

I dissent.

Mr. Justice MUSMANNO joins in this dissenting opinion.

---

[2] I.e., duty, breach, injury and proximate cause.