Flinchbaugh et vir, Appellants, *v.* Cornwall-Lebanon Suburban Joint School Authority.

Argued January 15, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James R. Koller,* with him *Siegrist, Koller & Siegrist,* for appellants.

*Bernerd A. Buzgon,* with him *Davis, Katz, Buzgon & Davis,* for appellees.

OPINION PER CURIAM, May 4, 1970:
Order affirmed.
Mr. Chief Justice BELL took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
I must respectfully dissent from the majority's decision for two reasons: (1) the plaintiff was injured when the school district was performing a proprietary

function, and therefore the school district is not immune from liability; (2) the doctrine of governmental immunity should be discarded.

In *Morris v. Mt. Lebanon Twp. Sch. Dist.*, 393 Pa. 633, 637-38, 144 A. 2d 737, 739 (1958), this Court stated: "[T]he concept of proprietary functions has been viewed 'liberally' and exceptions to the rule of non-liability for the conduct of governmental functions have been created because of judicial recognition that the losses caused by the torts of public employees should properly be treated, as in other cases of vicarious liability, as a cost of government administration. . . .

"In general . . . it has been said that if a given activity is one which a local governmental unit is not statutorily *required* to perform, *or* if it may also be carried on by private enterprise, *or* if it is used as a means of raising revenue, the function is proprietary." (emphasis added) (citations omitted)

There is no doubt that the school district was not statutorily required to hold an open house so that people might see the new school. Thus I would hold that this type of public-relations activity is a proprietary function, particularly in view of our past decision dictating that we liberally construe the concept of proprietary function. See *Hill v. Allentown Housing Authority*, 373 Pa. 92, 95 A. 2d 519 (1953) (held: housing authority exercising proprietary function in maintaining dump for tenants); *Honaman v. Philadelphia*, 322 Pa. 535, 185 Atl. 750 (1936) (held: city exercising proprietary function in maintaining parks for citizens); *Reichvalder v. Borough of Taylor*, 322 Pa. 72, 185 Atl. 270 (1936) (held: child injured while playing on borough machine used to scrape roads may recover because borough's activity not governmental).

In addition, I continue to adhere to my previously expressed view that governmental immunity can and should be abolished by this Court. See *Laughner v.*

*Allegheny County,* 436 Pa. 572, 261 A. 2d 607 (1970) (dissenting opinion); *Harker v. D. & H. Building Wreckers, Inc.,* 429 Pa. 655, 241 A. 2d 73 (1968) (dissenting opinion); *Husser v. Pittsburgh School District,* 425 Pa. 249, 251, 228 A. 2d 910, 912 (1967) (concurring and dissenting opinion); *Dillon v. York City School District,* 422 Pa. 103, 109, 220 A. 2d 896, 899 (1966) (dissenting opinion); *Graysneck v. Heard,* 422 Pa. 111, 114, 220 A. 2d 893, 894 (1966) (dissenting opinion). Since once again this Court refuses to alter this antique judge-made immunity, which is utterly out of keeping with modern American concepts of justice, I must dissent.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

Cora Flinchbaugh, plaintiff-appellant herein, was allegedly injured on October 19, 1966, when she fell after stepping into an open space on the paved grounds of a nearly-completed school building, sustaining personal injuries. The school was under construction by the Cornwall-Lebanon Suburban Joint School Authority (Authority) for the use of the Cornwall-Lebanon School District (District). Appellant and other persons were present on the school grounds that evening pursuant to an invitation extended to the general public by the Authority or the District. Suit to recover damages for the injuries allegedly sustained was instituted by appellants against the general contractor, the heating contractor, the Authority and the District. The Authority and District filed preliminary objections in the nature of a demurrer, asserting that they were immune from any tort liability under the facts averred. The court below sustained those preliminary objections, and the propriety of this order is presented to this Court by the appeal.[1]

---

[1] Although the lower court order did not formally dismiss appellants' complaint or otherwise terminate their action against the

If the injuries complained of were sustained in the course of the exercise of a proprietary function, as distinguished from a governmental function, by the governmental bodies involved, there would be no doubt that appellants had stated a cause of action. *Morris v. Mt. Lebanon Twp. School District,* 393 Pa. 633, 144 A. 2d 737 (1958). Mr. Justice ROBERTS takes this approach in his dissenting opinion. My study of the legislation under which the Authority[2] and the District[3] were respectively acting, and this Court's earlier decisions on the subject,[4] leads me to the opposite conclusion as to the nature of the activity. That is, although inviting the public to and holding an open house is not literally one of the legislatively-delegated powers in the case of the Authority or, in the case of the District, a function it was legislatively required to perform, I am compelled to the conclusion that what was done here—opening a new school to the general public for viewing and inspection—was governmental in nature.

This conclusion, of course, brings the plaintiffs-appellants up against the court-created rule which holds a governmental unit immune from liability in tort for injuries growing out of a governmental function or ac-

Authority and the District, the order nevertheless effectively puts the plaintiffs out of court and is, therefore, final and appealable. In its action affirming the order of the lower court rather than quashing the appeal as requested by appellees, the majority implicitly concludes that the order was final.

[2] Municipality Authorities Act of 1945, Act of May 2, 1945, as amended, P. L. 382, §4, 53 P.S. §306A (Supp. 1969).

[3] Act of March 10, 1949, P. L. 30, art. VII, §775, as amended, 24 P.S. §7-775.

[4] *Shields v. Pittsburgh School District,* 408 Pa. 388, 184 A. 2d 240 (1962) ; *Morris v. Mt. Lebanon Twp. School District, supra; Hill v. Allentown Housing Authority,* 373 Pa. 92, 95 A. 2d 519 (1953) ; and *Kennedy v. Gamble & Gamble Construction Co.,* 26 Pa. D. & C. 2d 530 (C. P. Butler Co. 1961).

tivity. For the reasons stated in my dissenting opinion in *Laughner v. Allegheny County*, 436 Pa. 572, 576, 261 A. 2d 607, 609 (1970), I believe that the rule of immunity is an unsound rule of law and should be modified by the Court. Accordingly, I dissent; I would overrule the order sustaining the defendants' preliminary objections and remand the case for further proceedings.