Smeltz, Appellant, *v.* Harrisburg.

Argued May 26, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Albert D. Stuart,* for appellant.

*John C. Dowling,* with him *Dowling and Dowling,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1970:

Naomi S. Livingston, formerly Naomi S. Smeltz, is the widow of Gerald J. Smeltz and the administratrix of his estate. Naomi Livingston instituted suit in trespass under the wrongful death and survival acts against Robert H. Copeland, a police officer in the City of Harrisburg, and against the City of Harrisburg itself. The complaint alleges that, while acting in the scope of his employment as a member of the Police Department, defendant Copeland negligently and carelessly shot and killed the decedent, Gerald J. Smeltz, during the course of a "stake-out."

The City of Harrisburg filed preliminary objections in the nature of a demurrer, in which the City asserts its immunity from liability for a tort committed by a police officer acting within the scope of his official duties. These duties were concededly performed as

part of the governmental functions of the City of Harrisburg. The lower Court sustained the preliminary objections and entered judgment in favor of the City of Harrisburg. From this judgment, plaintiff took this appeal.

In *Graysneck v. Heard*, 422 Pa. 111, 220 A. 2d 893, the Court said (page 113) : "We held in 1960 that a municipality is immune from liability with respect to torts committed by its police officers in the course of the performance of a governmental function unless a right of recovery is expressly granted by statute. [Footnote omitted.] Stouffer v. Morrison, 400 Pa. 497, 162 A. 2d 378 (1960). The Stouffer decision disposes of this appeal because Heard was acting within the scope of a governmental function as a policeman when he produced his revolver in order to restore order.

"Appellant now asks this Court to overrule the Stouffer decision thereby subjecting the City to the possibility of liability in this case.

"We are unwilling so to do. Cf. Dillon v. York City School District, 422 Pa. 103, 220 A. 2d 896 (1966)." See also, *Meagher v. Commonwealth*, 439 Pa. 532, 266 A. 2d 684; *Flinchbaugh v. Cornwall-Lebanon Suburban Joint School Authority*, 438 Pa. 407, 264 A. 2d 708; *Laughner v. Allegheny County*, 436 Pa. 572, 261 A. 2d 607; *Thomas v. Baird*, 433 Pa. 482, 252 A. 2d 653.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Around 2:00 a.m. on the morning of March 9, 1968, Officer Robert Copeland of the Harrisburg Police Department entered the Towne House Cafe to conduct a "stakeout" of the premises in the course of investigating a series of thefts from that establishment. At approximately 6:00 a.m. that morning, Gerald Smeltz, an

employee of the Cafe, unlocked a door to the Cafe and entered in order to commence his duties for the day. Almost immediately after Mr. Smeltz entered the building, Officer Copeland, without warning and without apparent reason, opened fire upon and killed Gerald Smeltz. Smeltz's widow and children brought wrongful death and survival actions against Copeland and the City of Harrisburg. The City filed a demurrer, relying upon the doctrine of governmental immunity. The trial court sustained the demurrer and a majority of this Court today affirms that decision.

It is with no great relish that I once again dissent from the majority's stubborn adherence to the antediluvian doctrine which insulates the municipal governments of this Commonwealth from any liability for their tortious conduct. It has been twelve years since this Court astutely recognized that only "errors of history, logic and policy" can be offered in support of this rule. *Morris v. Mt. Lebanon Township School District,* 393 Pa. 633, 635, 144 A. 2d 737, 738 (1958). Yet during this twelve year period this Court has, for reasons never explained to my satisfaction, continued to refuse to abolish this judicially created and perpetuated doctrine. *Russell v. Men of Devon,* 2 T.R. 667, 100 Eng. Rep. 359 (1788); *Mower v. Inhabitants of Leicester,* 9 Mass. 247 (1812); *Dillon v. York City School District,* 422 Pa. 103, 220 A. 2d 896 (1966).[1] Indeed, in the eight short months since I last discussed this problem at any length, *Laughner v. Allegheny County,* 436 Pa. 572, 261 A. 2d 607 (1970) (dissenting opin-

---

[1] I note that the majority's citation of *Meagher v. Commonwealth,* 439 Pa. 532, 266 A. 2d 684 (1970), which dealt with sovereign immunity, or the right of the state to be immune to suit, is inapposite in the context of a case dealing with governmental immunity, which involves the extension of that immunity to lesser political subdivisions.

ion),[2] the doctrines of sovereign or governmental immunity have been judicially abolished in no less than four more states: Idaho, in *Hopper v. State*, Idaho , 473 P. 2d 937 (1970), prospectively abolished *all* sovereign and governmental immunity; New Jersey, in *Willis v. Department of Conservation and Economic Development*, 55 N.J. 534, 264 A. 2d 34 (1970), abrogated *all* sovereign immunity; Rhode Island, in *Becker v. Beaudoin*, R.I. , 261 A. 2d 896 (1970), prospectively abolished *all* governmental immunity; and Nebraska, in *Johnson v. Municipal University of Omaha*, 184 Neb. 512, 169 N.W. 2d 286 (1969), prospectively abolished *all* governmental immunity.

I once again urge this Court to excise this unjust and illogical doctrine from the law of this Commonwealth. It has been nearly three hundred years since the courts of England decided to give expanded jurisprudential effect to the then-current theological doctrine that the King could no wrong. Our concepts of the rights of sovereigns and of governments have progressed considerably since that time, and it is indeed regrettable that this Court has and continues to decline to advance along with them.

DISSENTING OPINION BY MR. JUSTICE POMEROY:

For the reasons set forth at length in my dissenting opinion in *Laughner v. Allegheny County*, 436 Pa. 572, at 576, 261 A. 2d 607 (1970), I respectfully dissent from the decision of the Court. Further, I disagree with the majority that this Court's recent decision in *Meagher v. Commonwealth*, 439 Pa. 532, 266 A. 2d 684 (1970) can be considered as authority for the decision in the case at bar. That case involved a claim of *sov-*

---

[2] See also *Flinchbaugh v. Cornwall-Suburban Joint School Authority*, 438 Pa. 407, 409, 264 A. 2d 708, 709 (1970) (dissenting opinion).

*ereign* immunity asserted by the Commonwealth of Pennsylvania and was governed by Article I, §11 of the Pennsylvania Constitution; the instant case involves a claim of *governmental* immunity by a municipality—a claim based on judicial decision and not constitutionally compelled.