ACKER, J.,
— The matter before this court arises from a motion for judgment on the pleadings by additional defendant, Farrell Area School District. The action is in trespass resulting from personal injuries allegedly sustained on November 19, 1969, at about 7:40 p.m., where, on a sidewalk located on the east side of Spearman Avenue in the City of Farrell, plaintiff fell into a depression approximately 8 to 12 inches in depth and at least 12 inches in width which extended across the width of the sidewalk. Plaintiff claims that the depression resulted from an excavation of the City of Farrell made on or about November 13, 1969, about six days prior to the accident in connection with the installation of a storm drain. The City of Farrell answers that the property is, in fact, owned by the Farrell Area School District and that, in any event, the digging and filling involved in the excavation was done by an independent contractor, Frank Leon and Son, Inc. This was followed by a complaint by the City of Farrell to join the Farrell *504 Area School District, Frank Leon and Son, Inc., and Frank Leon and Vincent Leon, individually and trading as Frank Leon and Son, Inc., as additional defendants. There, it is alleged that by an oral agreement with the City of Farrell, the additional defendants, Leons, entered the property, excavated, installed the storm drain, and filled it in, all in their capacity as independent contractors. All additional defendants are joined as individually and jointly and severally liable to defendant. The Farrell Area School District as an additional defendant filed an answer to the complaint to join it as an additional defendant, alleging that it was without knowledge concerning the terms of an oral agreement for the excavation and placement of the storm drain, denying that there was a defective condition, that there was any negligence upon itself and alleging as new matter that it was never notified, within six months, as it is claimed it is required by the Act of July 1, 1937, P. L. 2457, 53 PS §5301; in addition, that the maintenance of the sidewalk along the school property is a governmental function and it is, therefore, immune from liability. To this, the City of Farrell filed a reply attaching a letter from a claims service representing the City of Farrell, notifying the Farrell Area School District of the existence of the claim. This letter was dated June 15, 1970, more than three months prior to the complaint to join the school district as an additional defendant on September 24, 1970.
In addition to the two contentions raised by new matter in the Farrell Area School District’s answer, it adds by its motion for judgment on the pleadings that plaintiff’s fall was the result of an intervening act of negligence by the City of Farrell or its contractor.
Has there been a failure to comply with the Act of July 1, 1937, P. L. 2547, which requires notice within *505 six months from the date of the origin of a claim by the person asserting the claim or his representative?
The accident giving rise to this cause of action allegedly occurred on November 19, 1969. Suit was filed by plaintiff against the City of Farrell only on July 15, 1970. The school district was joined as an additional defendant on September 24th, obviously more than six months after the negligence complained of. However, more than three months prior to the filing of the complaint, notice was given for the City by a letter of an insurance adjustor to the school district on June 15,1970.
Can a defendant be bound by the statute when he is not sued until after the six-months period from the time of the accident? It would appear by a reading of the statute, literal compliance by a defendant who desires to join an additional defendant is impossible.[1] The statute requires notice within six months from the date of origin of such claim or within six months from the date of the negligence complained. If the claim is interpreted as that of the plaintiff, compliance is impossible. If it is that of the defendant against additional defendant, notice could be given within the six-months period, as, in fact, occurred here, and still be in compliance with the statute. Further, the statute requires that the notice be signed by the person or persons claiming damages or their representatives. A defendant, as in this case, is not claiming damages. However, by joining the additional defendant as being solely liable, as has occurred in this case, he permits plaintiff to potentially recover damages directly against the additional defendant. Therein runs the conflict, for the additional defendant is then permitted to do that which a plaintiff himself could not do, because he had not *506 given notice within the six-months period. How is this dilemma to be solved?
Those cases which have considered the question have resulted in favor of the defendants. In McColligan v. Gaffney et al., 75 D. & C. 601 (1950), Eagen, J. (now Justice Eagen of the Pennsylvania Supreme Court) resolved the matter by holding the six-months period to not originate with the happening of the accident, but rather on the date of the origin of the cause of action against the city.
In Schaffer et al. v. Belletierre et al., 73 D. & C. 558, (1950), joinder was permitted for the purpose of contribution only because a defendant should not be permitted to do by indirection that which is not permitted by direction.
In Mummert v. Besic, 15 D. & C. 2d 752 (1958), joinder was permitted for contribution.
This court in Sember v. Hickory Township, 30 D. & C. 2d 262 (1963), through McKay, J., was confronted with the situation where an administrator of the decedent’s estate was not appointed until after the running of the six-months period and, therefore, could not give notification to the municipality within the statutory six months. The court noted that the puipose of the excuse clause of the Act of 1937 is to avoid injustice. In that case, there were several young children whose rights were at stake. The court permitted the suit to continue.
Therefore, this court concludes that joinder is permissible at least for contribution. Attention is now directed towards joinder for sole liability. In Yurechko v. County of Allegheny, 430 Pa. 325, 243 A. 2d 372 (1968), the burden was placed upon the municipality to show not only that the claimant failed to file written notice of his claim within the six-months period, but further that, as a result of his tardiness, the municipal *507 ity has been unduly pressed to delve into the circumstances of the case and is unable to disclose properly the events and conditions which led to the mishap and has thus suffered undue hardship. It concludes that if no harm or prejudice has befallen the municipality as a result of tardiness by the claimant, such tardiness is forgiven as a “reasonable excuse.” The court notes, page 332:
“The statute is not a sword provided to municipalities by the legislature whereby they might cut down the rights of all tardy litigants, including those whose claims are validly based upon negligence of that very municipality and whose tardiness has not caused any prejudice.”
Wherefore, a joinder of the school district is permitted on the present state of the record as prayed for by defendant, with leave to the additional defendant to request a hearing at such time as to not delay the trial of the case to establish by competent evidence pursuant to its burden of proof that it was, in fact, prejudiced by the failure to receive notice.
Is the additional defendant, Farrell Area School District, immune from liability for torts and does it, therefore, have a valid legal defense to the action?
Although there have been frequent and repeated attacks upon the doctrine of governmental immunity, it continues to stand and is binding upon this court: Laughner v. Allegheny County, 436 Pa. 572, 261 A. 2d 607 (1970). Dillon v. York County School District, 422 Pa. 103, 220 A. 2d 896 (1966). Husser v. School District of Pittsburgh, 425 Pa. 249, 228 A. 2d 910 (1967). Flinchbaugh et vir v. Cornwall-Lebanon Suburban Joint School Authority, 438 Pa. 407, 264 A. 2d 708 (1970).
By new matter the additional defendant alleges that the sidewalk was along school property and, therefore, *508 is engaged in a governmental function. It cites Procopio v. Wampum-Bigg Beaver School District, 21 Lawrence Co. L.J., 160 (1962), as authority. In that well-reasoned case the negligent maintenance of a sidewalk was before a public school owned and maintained by the school district. This was held as a matter of law to fall within the category of a governmental function. In the instant case, there is no allegation in any of the pleadings as to what is located at 727 Spearman Avenue or a point approximately 20 feet south thereof. All school activities are not of a governmental nature.[2]
Defendant contends a determination of governmental function now is premature. We agree.
A motion for judgment on the pleadings should not be granted unless there are no issues of fact to be submitted to a jury. This court cannot say on the present state of the record what the property was used for or what plaintiff was doing upon the property at the time of this accident. They are not stated in the pleadings. These matters may be resolved prior to trial by the use of depositions or interrogatories and resubmitted to this court upon a motion for summary judgment.
Was the accident the result of an intervening act of negligence on the part of the City of Farrell or its contractor or both, which requires judgment on the pleadings to be entered in favor of the additional defendant ?
Although the additional defendant states the issue as above, the basic contention appears to be that because there was no allegation of actual or constructive notice of the alleged negligent condition of the sidewalk, judgment must be entered in its favor. The *509 additional defendant responds that it could not allege in its pleadings the length of time the defect existed because it denies that there was such a defect. This is to ignore the possibility that it received actual notice of a defect, even though it may claim that that defect did not exist. However, a school district may have constructive notice of a defect in its sidewalk if it exists a sufficient time. Admittedly the dates are very close in this case. Plaintiff fell on November 19, 1969, the work which caused the defect was allegedly done on November 13, 1969. Therefore, there was less than six days on which to base constructive notice. The procedure foEowed in this case is not a request for a more specific complaint, but rather for judgment on the pleadings. In that there could be constructive notice in the period involved,[3] we cannot conclude as a matter of law that a cause of action has not been alleged merely from a recital of the facts themselves.
Wherefore, the motion for judgment on the pleadings must be denied.
ORDER
And now, March 31, 1971, the FarreE Area School District’s motion for judgment on the pleadings is denied. It is, however, given the right to file a petition with this court in the form of a request for a rule to show cause why the Act of July 1, 1937, P. L. 2547, should not be applied because of prejudice due to the faEure of the Farrell Area School District to give proper notice pursuant to the statute. This right, however, if subsequently estabhshed by competent proof, wEl only deny the right of plaintiff, Roy C. PearreE, to recover solely from the Farrell Area School District, and shaE not in any way affect the other claims for relief prayed for by paragraph no. 8 of the complaint to join additional defendants.

 Act of July 1, 1937, P. L. 2547, 53 PS §5301. .

 Morris v. School District of Township of Mt. Lebanon, 393 Pa. 633 (1958), involving the use of a swimming pool opened to the public for a fee. Hoffman v. Scranton School District, 67 D. & C. 301, 51 Lack. Jur. 25 (1949), which held a school district could be held liable for the collapse of a roof which it permitted spectators to sit upon for pay at a football game.

Jeske v. City of Pittsburgh, 110 Pa. Superior Ct. 274, 168 Atl. 623 (1933), where three to four days was held sufficient.