530 A.2d 525

James T. Amacher, Sr., and Sara I. Amacher, Husband and Wife, Appellants *v.* Clarion Area School District, Appellee.

Argued March 26, 1987, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Daniel J. Hartle, Kahle & Hartle,* for appellants.

*James A. Beinkemper, Wayman, Irvin & McAuley,* for appellee.

OPINION BY JUDGE BARRY, August 24, 1987:

Appellant James T. Amacher, Sr., appeals from an order of the Court of Common Pleas of Clarion County which granted a motion for judgment on the pleadings filed by the Clarion Area School District and dismissed appellant's complaint.

Appellant was attending a Shriner's luncheon at the Clarion Area High School in August of 1982. The school district had rented out its facility for this purpose and had also agreed to serve lunch. While eating, appellant ingested a piece of plastic which was in his food and suffered serious internal injuries.

Appellant filed a complaint naming the school district as defendant. The school district filed an answer and new matter, alleging it was immune from liability under 42 Pa. C. S. §8542(b). Following appellant's response to the new matter, the trial court granted the motion for judgment on the pleadings, thereby precipitating this appeal.

Appellant recognizes that this factual scenario does not fit into any of the specifically enumerated exceptions to immunity contained in Section 8542(b). Rather, he argues that since the school district was performing a proprietary, as opposed to governmental, function, it can be held liable under *Morris v. School District of the Township of Mount Lebanon,* 393 Pa. 633, 144 A.2d 737 (1958). While the courts of this Commonwealth drew that distinction prior to the abolition of governmental immunity in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), appellant has not cited, nor has our research discovered any cases which impose liability based on this distinction after the legislature reinstated governmental immunity with cer-

tain exceptions. Appellant would have us redraft Section 8542(b) but we are not empowered to do so.

Appellant also argues that since the school district was serving food, it is liable under the theory of strict liability. Again, we need say no more than we are powerless to redraft Section 8542(b), that function being legislative, rather than judicial.

## ORDER

NOW, August 24, 1987, the order of the Court of Common Pleas of Clarion County dated April 16, 1984 at No. 714, Civil Action—Law is affirmed.