579 A.2d 461

ASSOCIATED PENNSYLVANIA CONSTRUCTORS, Constructors Association of Western Pennsylvania, Allegheny Asphalt & Paving, Inc., Burrell Construction & Supply Company, Carnegie Tar & Asphalt Company, Northern Industries, Russell Industries, Inc., and Trumbull Corporation, Appellants,

v.

CITY OF PITTSBURGH, Richard S. Caliguiri, Mayor and Louis Gaetano, Director of the Department of Public Works, Appellees.

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Aug. 28, 1990.

Bernard A. Labuskes, Jr., with him, Terry R. Bossert, McNees, Wallace & Nurick, Harrisburg, and Charles R. Volk, with him, Susan B. Gunn, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt, Pittsburgh, for appellants.

Howard J. Schulberg, Asst. City Sol., with him, Mary K. Conturo, City Sol., for appellees.

Before PALLADINO, McGINLEY, (P.), JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Associated Pennsylvania Constructors, Constructors Association of Western Pennsylvania, Allegheny Asphalt & Paving, Inc., Burrell Construction & Supply Company, Carnegie Tar & Asphalt Company, Northern Industries, Russell Industries, Inc., and Trumbull Corporation, (Appellants) appeal an order of the Court of Common Pleas of Allegheny County (trial court) which denied Appellants' application for an injunction and declaratory relief.

The parties stipulated the following pertinent facts. The City of Pittsburgh (City), which adopted a home rule charter and is subject to the Home Rule Charter and Optional Plans Law (Law),[1] has owned and operated a plant which produces asphalt since 1982. The City Council enacted the Resolution No. 78 of 1988 (Resolution) which authorizes the City to enter into agreements to sell asphalt to other municipalities and governmental agencies outside of the City. The Resolution has not been specifically authorized by the Pennsylvania General Assembly (Assembly).[2]

Appellants filed a complaint in equity seeking a declaration that the Resolution is illegal and seeking a permanent injunction against any agreements entered into pursuant to the Resolution.[3] The Trial Court denied the request for an injunction and declared that the Resolution is valid. The Trial Court held that the construction of public roads is a clear governmental function, that the production of asphalt is necessary and incidental to carry out this governmental function and that Act of July 12, 1972, P.L. 762, *as amended*, 53 P.S. §§ 481–490 [4] (Act) permits the City to engage in governmental functions with other municipalities.

1. Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §§ 1–101 to 1–1309.

2. As will be explained in more detail elsewhere in this opinion, the Law prohibits municipalities from engaging in proprietary or private business except as authorized by the General Assembly.

3. While the procedural history does not affect the result of the case, we note the following. The City filed preliminary objections alleging that the first two named Appellants lacked standing. The City argued that Associated Pennsylvania Constructor and Constructors Association of Western Pennsylvania did not have standing because they did not allege an injury to the groups themselves and the injury suffered here is not common to the entire membership of the groups. The City did not challenge the standing of the other named Appellants. The trial court dismissed the preliminary objections by order without an opinion. The City did not appeal from this order and does not raise the question of standing before this court.

4. Section 3 of the Act, 53 P.S. § 483 states as follows:
   Two or more municipalities in this Commonwealth may jointly cooperate, or any municipality or municipalities may jointly cooperate with any municipality or municipalities located in any other state, in the exercise or in the performance of their respective governmental functions, powers or responsibilities. For the pur-

■ On appeal,[5] Appellants renew the argument rejected by the trial court that the Resolution authorizes the City to engage in a proprietary function not approved by the Assembly in violation of Section 1–302(b) of the Law which provides in pertinent part as follows:

(b) No municipality shall (i) engage in any proprietary or private business except as authorized by the General Assembly. . . .

Appellants do not challenge the City's right to produce asphalt for its own use under the Law. Appellants contend only that the sale of asphalt by the City to other municipalities is a proprietary function and therefore is a violation of the Law. Appellants argue that selling asphalt to other municipalities to raise revenue is not part of the governmental function of roadbuilding.

■ The only issue before this court is whether the sale of asphalt by the City to other municipalities is a proprietary or private business and therefore prohibited by the Law.

The term "proprietary or private business" is not defined in the Law. However, the proprietary-governmental function distinction has been frequently utilized but seldom clearly defined. *See Falls Township v. Scally*, 115 Pa.Commonwealth 56, 539 A.2d 912 (1988) (Proprietary-governmental function distinction was utilized to determine whether a contract was ultra vires and not binding on the current board of township supervisors.); *Faiella v. Bartoles*, 102 Pa.Commonwealth Ct. 258, 517 A.2d 1019 (1986) (Proprietary-governmental function distinction is no longer relevant to governmental and sovereign immunity cases.); *Kunz v. City of Titusville*, 373 Pa. 528, 97 A.2d 42 (1953) (The

pose of carrying the provisions of this act into effect the municipalities cooperating shall enter into such joint agreements as may be deemed appropriate for such purposes.

5. Our scope of review in a declaratory judgment action is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Love v. Borough of Stroudsburg*, 131 Pa.Commonwealth Ct. 11, 569 A.2d 389 (1990).

doctrine of respondeat superior does not apply to governmental functions but does to proprietary functions.); and *Chester County Institution District v. Commonwealth,* 341 Pa. 49, 17 A.2d 212 (1941) (Commonwealth may take by eminent domain local agency property without compensation if the property is owned by local agency in its governmental function.)

In *Morris v. School District of Township of Mount Lebanon,* 393 Pa. 633, 637–8, 144 A.2d 737, 739 (1958), *rev'd on other grounds,* 453 Pa. 584, 305 A.2d 877 (1973),[6] the supreme court, examining the proprietary-governmental function distinction in the context of governmental immunity, stated as follows:

> Perhaps there is no issue known to the law which is surrounded by more confusion than the question whether a given municipal operation is governmental or proprietary in nature.
>
> . . . .
>
> In general, (and perhaps unhelpfully), it has been said that if a given activity is one which a local governmental unit is not statutorily required to perform, or if it may also be carried on by private enterprise, or if it is used as a means of raising revenue, the function is proprietary.

Applying the *Morris* factors to the instant case, we conclude that the sale of asphalt by the City to other municipalities is a proprietary act or private business act. No statute exists that requires municipalities to produce and sell asphalt to each other. Clearly, the enterprise of supplying asphalt for the construction of roads can be and

6. *Morris* was overruled by *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). *Ayala* eliminated governmental immunity at common law. However, *Ayala* did not effect the continuing utilization of the distinction between governmental and proprietary functions. Furthermore, the Home Rule Charter and Optional Plans Law was enacted on April 13, 1972 more than a year before the *Ayala* decision. At the time the Law was enacted, the proprietary function definition found in *Morris* was pervasive in the law. We conclude that it is this definition the General Assembly intended in the Law. *See* The Statutory Construction Act of 1972, 1 Pa.C.S. § 1903.

is performed by private parties such as Appellants. Furthermore, there is no dispute that the purpose of the Resolution is to increase revenue for the City. Therefore, we conclude that the City seeks to engage in a proprietary or private business in selling asphalt to other municipalities.

The Resolution has the effect of placing the City in direct competition with Appellants in the business of supplying asphalt for road construction. Such a result is prohibited under the Law without authorization from the General Assembly. The General Assembly has not approved the Resolution. Consequently, we hold that the Resolution violates section 1–302(b) of the Home Rule Charter and Optional Plans Law and is invalid.

Accordingly, we reverse.

PELLEGRINI, J., did not participate in the decision in this case.

## ORDER

AND NOW, August 28, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is reversed.