Brown et al. *v.* National Guard.

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Joel M. Lieberman,* with him *Silver, Silver & Segal,* for plaintiffs.

*Salvatore J. Cucinotta,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for defendant.

OPINION BY JUDGE ROGERS, December 2, 1971:

In this trespass action damages are sought for personal injuries to the minor plaintiff and for the expenses of treating those injuries. The complaint alleges that the minor plaintiff attended a Pennsylvania National Guard demonstration and suffered injuries when a jeep in which she was riding as a passenger was involved in an accident caused by the negligence of the driver, a Guardsman. The Commonwealth has filed a demurrer, asserting that it is immune from liability for this cause under the doctrine of sovereign immunity. The plain-

tiffs' sole contention is that the doctrine should be abolished and they repeat with vigor and thoroughness the familiar arguments.

The most recent reaffirmation of the doctrine of sovereign immunity by our Supreme Court is *Conrad v. Commonwealth of Pennsylvania, Department of Highways,* 441 Pa. 531, 272 A. 2d 470 (1971). The Commonwealth Court has held that it has no power or authority to ignore or overturn prior pronouncements of the highest court of this State controlling this subject matter. *Lovrinoff-Madacsi-Kunze v. The Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971). See also *Biello v. Pennsylvania Liquor Control Board et al.,* 1 Pa. Commonwealth Ct. 179, A. 2d (1971), and *Kremin v. Commonwealth of Pennsylvania,* 1 Pa. Commonwealth Ct. 642, A. 2d (1971).

Article I, §11 of the Pennsylvania Constitution provides that suits may be brought against the Commonwealth in such manner and in such cases as the Legislature may direct. Not only has the Legislature not given its consent to suits in trespass against it, it has specifically excluded from the category of demands payable by the Department of Military Affairs arising out of negligence in the operations of the Pennsylvania National Guard, any such claims arising from the operation of automobiles. The Military Code of 1949, Act of 1949, May 27, P. L. 1903, §402(11), 51 P.S. 1-402(11).

The Commonwealth's preliminary objections are sustained and the complaint herein is dismissed.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

The Pennsylvania Supreme Court, by order dated October 22, 1971, refused to grant allocatur in *Lovrinoff et al. v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971), thus at least

for the time being maintaining its historical position on the issue of sovereign immunity. This binds me and so I concur in today's decision. However, in doing so, I reiterate the position I took in my dissenting remarks in *Lovrinoff*.

Governmental authority arising from increasing involvement in private enterprise must have as its corrolary commensurate responsibility in Torts and Contract. Shielding bureaucrats from intentional or negligent conduct in their dealings with the affairs of the citizens they represent is an archaic concept born in the Divine Right of Kings Theory which has no place in a Democratic Republic.

Judge KRAMER joins in this Opinion.