## Safeguard Mutual Insurance Company *v.* Commonwealth.

478.

Argued November 3, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Malcolm H. Waldron, Jr.,* for plaintiff.

*Charles D. Cowley,* Assistant Attorney General, with him *Robert A. Miller,* Assistant Attorney General, *Gerald Gornish,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, February 18, 1972:

The defendant, the Commonwealth of Pennsylvania, has filed preliminary objections to Safeguard Mutual Insurance Company's complaint claiming damages in the amount of $12,719,968.

The objections consist of motions "to dismiss" and to strike, based upon the form and content of the complaint, and a demurrer interposing the Commonwealth's

immunity. As we sustain the demurrer, we discuss only that objection.

The complaint alleges that the plaintiff, a mutual fire insurance company, was, after examination, suspended from doing business in Pennsylvania by the State's Insurance Commissioner, that the Commissioner thereafter with the approval of the Attorney General applied to the Court of Common Pleas of Dauphin County for an order of dissolution and liquidation, and that there ensued litigation lasting three years and culminating in a refusal of the relief sought by the Commonwealth. The actions of the Commissioner and the Insurance Department in suspending the plaintiff and seeking its liquidation are characterized as malicious, arbitrary, capricious, whimsical, unlawful and unconstitutional.

The complaint asserts that these activities of the Commonwealth by its Insurance Commissioner and Insurance Department render it liable in trespass for negligence and in assumpsit upon a theory either of "quasi-contract" or of "condemnation."

The State's actions complained of were taken pursuant to Section 502 of The Insurance Department Act, Act of May 17, 1921, P. L. 789, as amended, 40 P.S. §202, which pertinently reads as follows: "Whenever any domestic insurance company . . . (e) is found, after an examination, to be in such condition that its further transaction of business will be hazardous to its policyholders, or to its creditors, or to the public; . . . the Insurance Commissioner, after examination, shall suspend the entire business of any such domestic insurance company. . . . Upon suspension of any such organization by the Insurance Commissioner . . . he shall after approval of the Attorney General apply to the court of common pleas of Dauphin County . . . for an order directing such company . . . to show cause

why its business should not be closed, and the Insurance Commissioner should not take possession of its property and conduct its business, and for such other relief as the nature of the case and the interests of its policyholders, creditors, stockholders, or the public may require."

The jurisprudence of Pennsylvania does not require another opinion on the matter of governmental and sovereign immunity. Since, however, this court is continually invited to adopt what plaintiffs' counsel characterize as more just, modern, and enlightened views, it may be useful to illuminate briefly the distinction between the immunity still somewhat tenuously enjoyed by subdivisions of state government and the Commonwealth's sovereign immunity. The former is a creature of case law. *Fox v. Northern Liberties*, 3 W. & S. 103 (1841) ; *Elliott v. The City of Philadelphia*, 75 Pa. 347 (1874). Being thus vulnerable by origin, it has suffered erosion by judicial semantics; if the injury has been inflicted in the course of a *proprietory* activity the municipality will be liable, *Morris v. Mt. Lebanon Township School District*, 393 Pa. 633, 144 A. 2d 737 (1958) ; if it arises from the pursuit of a *governmental* objective, immunity attaches, *Laughner v. Allegheny County*, 436 Pa. 572, 261 A. 2d 607 (1970). Although it may be deduced from current controversy that automobile users are unable to afford the cost of liability insurance unless limitation is imposed upon the amount of damages recoverable against them, it is entirely possible nevertheless that the judiciary may conclude that substantially the same class of persons, the taxpayers of our municipal subdivisions, can somehow assume the burden of redressing the injuries of all victims of their employes' negligence.

The Commonwealth of Pennsylvania's immunity, on the other hand, does not depend upon case law; it is

an attribute of sovereignty as fundamental as the power to raise revenue for the State's subsistence, or the power to take private property for its needs. It may be conditioned, altered or dispensed with by the creator of the State, which in our system is the people through their Constitution, but not otherwise. As instances, the Constitution of Pennsylvania does not explicitly confer the power to tax but it does require taxes to be uniform; and it does not specifically empower the State to appropriate private property but it does provide just compensation for the condemnee. Neither does it grant the State immunity from suit. It does, however, confer upon the Legislature the power to affect the State's immunity by present Article I, Section 11, providing: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." No court has the power to do what the people have determined that only the Legislature may do. *Collins v. Commonwealth,* 262 Pa. 572, 106 A. 229 (1919); *Bell Telephone Company v. Lewis et al.,* 313 Pa. 374, 169 A. 571 (1934). Nor is there a divergence of view upon this question in our highest court, as apparently assumed by some advocates, bemused perhaps by articulate and scholarly dissents in cases involving municipal immunity[1] or the claim of immunity by instrumentalities of state government.[2] Absent clear legislative

---

[1] *See for example Laughner v. Allegheny County, supra; Stouffer v. Morrison,* 400 Pa. 497, 162 A. 2d 378 (1960); *Smelz v. Harrisburg,* 440 Pa. 224, 269 A. 2d 466 (1970); *Dillon v. York City School District,* 422 Pa. 103, 220 A. 2d 896 (1966); *Graysneck v. Heard,* 422 Pa. 111, 220 A. 2d 893 (1966).

[2] *See for example Rader v. Pa. Turnpike Commission,* 407 Pa. 609, 182 A. 2d 199 (1962); *Thomas v. Baird,* 433 Pa. 482, 252 A. 2d 653 (1969); *Lovrinoff, et al. v. Pa. Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971); *Roney v. General State Authority,* 413 Pa. 218, 196 A. 2d 349 (1964); *Biello v. Pa. Liquor Control Board, et al.,* 1 Pa. Commonwealth Ct. 179 (1971).

waiver,[3] the *Commonwealth's* immunity is unquestioned even by critics of the doctrine as applied to municipalities and instruments of state government. *Meagher v. Commonwealth,* 439 Pa. 532, 266 A. 2d 684 (1970); *Conrad et al. v. Commonwealth,* 441 Pa. 530, 272 A. 2d 470 (1971).

The plaintiff's further argument that the defense of sovereign immunity may not be raised by preliminary objection is untenable. It is well established that it may be raised by demurrer. *Meagher v. Commonwealth, supra.*

## ORDER

AND NOW, this 18th day of February, 1972, the preliminary objection in the form of a demurrer is sustained and the complaint herein dismissed.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

While I reiterate the position I took in my dissenting opinion in *Lovrinoff, et al. v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971), and reaffirmed in my concurring opinion in *Brown, et al. v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971), for the reasons stated in *Brown* I concur in today's decision.

---

[3] *See Rader v. Pa. Turnpike Commission, supra,* holding that the power to "sue and be sued" is not a waiver of immunity. This authority also disposes of plaintiff's contention that the provision of Section 502 authorizing the Commissioner to apply for "such other relief as the nature of the case and the interests of its policyholders, creditors, stockholders or the public may require" subjects the Commonwealth to liability to such parties in the event the suspension is not upheld.