William F. O'NEILL and Ella M. O'Neill, his wife, Appellants,

v.

COMMONWEALTH OF PENN-SYLVANIA.

No. 71–1169.

United States Court of Appeals, Third Circuit.

Argued Feb. 15, 1972.

Decided Feb. 25, 1972.

**2**

Michael T. McDonnell, Jr., McDonnell & McDonnell, Yeadon, Pa., for appellants.

Cecil Maidman, Asst. Atty. Gen., Philadelphia, Pa. (J. Shane Creamer, Atty. Gen., Dante Mattioni, Deputy Atty. Gen. for Eastern Pennsylvania, Philadelphia, Pa., on brief), for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellants, a husband and wife, residents of New Jersey, brought a personal injury action in the district court against the Commonwealth of Pennsylvania asserting as a basis for federal jurisdiction diversity of citizenship and claiming that the injuries resulted from the Commonwealth's failure properly to maintain a state highway. The district court dismissed the complaint for lack of jurisdiction and this appeal followed.

■ The Commonwealth has not consented to be sued in tort. *See, e. g.,* Conrad v. Commonwealth of Pennsylvania, Department of Highways, 441 Pa. 530, 272 A.2d 470 (1971); Brown v. National Guard, 3 Pa.Comm.Ct. 457 (1971). Since the Pennsylvania courts have declined to revise the Pennsylvania law on sovereign immunity this court may not in a diversity case do so. 28 U.S.C. § 1652 (1971); Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Harris v. Pennsylvania Turnpike Comm'n, 410 F.2d 1332 (3d Cir. 1969). Moreover, the eleventh amendment to the Constitution precludes an action for money damages in a federal court against a state by a citizen of another state unless the state grants its consent. *See, e. g.,* Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). Finally, since a state is not a citizen for purposes of diversity jurisdiction, State Highway Comm'n of Wyoming v. Utah Construction Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929), Postal Telegraph Cable Co. v. Alabama, 155 U. S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894), Harris v. Pennsylvania Turnpike Comm'n, *supra,* 410 F.2d at 1333–1334, n. 1, there is no diversity of citizenship.

■■ The appellants would have us find federal question jurisdiction, 28 U. S.C. § 1331, on the basis of their claim that the doctrine of sovereign immunity is a violation of the due process and equal protection clauses of the fourteenth amendment. The eleventh amendment bar applies to any direct suit against a state for money damages in the absence of consent regardless of the statutory basis for federal jurisdiction. In any event the fourteenth amendment claim seems frivolous in view of Palmer v. Ohio, 248 U.S. 32, 34, 39 S.Ct. 16, 63 L.Ed. 104 (1918).

The judgment dismissing the complaint for lack of jurisdiction will be affirmed.