## Sweigard, et al. *v.* Commonwealth.

638

Argued April 6, 1972, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Edward A. Hosey,* Assistant Attorney General, with him Robert W. Cunliffe, Deputy Attorney General, and J. Shane Creamer, Attorney General, for defendant.

*F. Lee Shipman,* with him *Goldberg, Evans & Katzman,* for plaintiffs.

OPINION BY JUDGE MENCER, May 30, 1972:

We have before us a trespass action. This case was originally filed in the Court of Common Pleas of Dauphin County and was transferred to us on January

24, 1972, since we have original jurisdiction of all civil actions at law against the Commonwealth under Section 401(a)(1) of the Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, No. 223, 17 P.S. §211.-401(a)(1).

This action in trespass involves a single vehicle accident which occurred on Pennsylvania Highway Route 147, approximately one mile south of Millersburg, Pennsylvania, at or about 10:00 p.m., on March 21, 1969. The vehicle which was owned and operated by plaintiff, Lee R. Sweigard, and in which plaintiff, Sandra L. Sweigard, and their three children, including plaintiff, Kevin L. Sweigard, were passengers, was proceeding in a southerly direction on Route 147, with the weather conditions clear and dry, when a rock fall occurred, causing the plaintiffs' personal injuries and property damage. One of the rocks, approximately the size of a football, smashed the windshield on the passenger's side, bounced off the dashboard and struck wife-plaintiff in the face, causing, among other injuries, severe traumatization of her right eye, necessitating its removal on March 22, 1969.

Plaintiffs assert that the defendant was negligent in not protecting them from the hazardous conditions existing at the place of the accident. It is alleged that rock falls had occurred at the accident scene during a period of several years prior to March 21, 1969.

The defendant here is the Department of Transportation, Commonwealth of Pennsylvania, and it has filed preliminary objections asserting that this action is barred by reason of Article I, Section 11 of the Constitution of Pennsylvania which reads as follows: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. *Suits may be*

640

brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." (Emphasis supplied.)

The appellate courts of this Commonwealth have consistently held that this section of our Constitution creates for the Commonwealth and its agencies sovereign immunity from suit. *Conrad v. Commonwealth, Department of Highways,* 441 Pa. 530, 272 A. 2d 470 (1971); *Rader v. Pennsylvania Turnpike Commission,* 407 Pa. 609, 182 A. 2d 199 (1962); *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971); *Lovrinoff v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971).

The tragedy of which this case was born makes it clearly understandable why the plaintiffs, while acknowledging that these opinions control the instant case, urge upon us to make "an independent analysis" of the longstanding interpretation placed on Article I, Section 11 of the Pennsylvania Constitution by our Supreme Court.

We can best reply to this request by language used by President Judge BOWMAN in *Lovrinoff v. Pennsylvania Turnpike Commission, supra,* when he stated:

"In urging us to do so, appellants forcefully argue that the doctrine of sovereign immunity as applied to The Pennsylvania Turnpike Commission is outdated, outmoded and not representative of the modern trend in the law to more narrowly restrict its application, particularly as to instrumentalities such as this Commission. Appellants do not, however, suggest by what authority we are to ignore or overturn the law as pronounced by the Supreme Court." (Pages 163-64 of 3 Pa. Commonwealth Ct.)

"Although the Appellate Court Jurisdiction Act, *supra,* has conferred upon the Commonwealth Court a wide scope of jurisdiction and has provided that final

orders within its appellate jurisdiction are reviewable only on allowance of appeal granted by the Supreme Court (Section 204), these constitutional and statutory provisions afford no power or authority in this Court to ignore or overturn prior pronouncements of the highest court of the Commonwealth which are controlling of the subject at hand." (Page 164 of 3 Pa. Commonwealth Ct.)

"As our judicial system has been restructured by the 1968 Pennsylvania Constitution and the implementing Appellate Court Jurisdiction Act, *supra,* we are unable to discern in these provisions any expressed intent upon the part of the electorate or the General Assembly to depart from this well established rule which lends uniformity and certainty to the law but allows sufficient flexibility for change by the highest court, but only the highest court, in our judicial system." (Page 165 of 3 Pa. Commonwealth Ct.)

We would also note again, as we recently did in *Safeguard Mutual Insurance Company v. Commonwealth,* 4 Pa. Commonwealth Ct. 477 (1972), that there is no divergence of view upon the question of sovereign immunity in our highest court. Judge ROGERS, speaking for this Court in *Safeguard,* stated, at pages 481-82, that "[a]bsent clear legislative waiver, the *Commonwealth's* immunity is unquestioned even by critics of the doctrine as applied to municipalities and instruments of state government."

This again is not a case where we fail to see the logic of the argument advanced by the plaintiffs to support a cause of action against an instrumentality of state government, but rather another instance where the principle of stare decisis requires us to follow the binding effect of decisions of the highest judicial tribunal of our Commonwealth.

The Commonwealth's preliminary objections are sustained and the complaint herein is dismissed.

DISSENTING OPINION BY JUDGE CRUMLISH:

I am reiterating the position which I have taken in *Lovrinoff v. Pennsylvania Turnpike Commission*, 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971). I believe that this Court can consider the merits of the contention that the sovereign immunity doctrine is subject to review and possible restatement.

Judge KRAMER joins in this Dissent.