## Duquesne Light Company *v.* Department of Transportation.

Argued September 11, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eric P. Reif,* with him *Daniel I. Booker* and *Reed, Smith, Shaw & McClay,* for plaintiff.

*Stuart M. Bliwas,* Assistant Attorney General, with him *Edward V. A. Kussy,* Assistant Attorney General, *Edward A. Hosey,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendant.

OPINION PER CURIAM, October 2, 1972:

The instant case is another of a series of cases filed in this Court since its inception seeking to judicially overturn the doctrine of sovereign immunity. In *Lovrinoff et al. v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971),[1] we declared (Judges CRUMLISH, JR. and MANDERINO dissenting) that the Commonwealth Court has no power or authority to ignore or overturn prior pronouncements of the Supreme Court of Pennsylvania on the subject. In *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971), *Kremin v. Commonwealth of Pennsylvania,* 1 Pa. Commonwealth Ct. 642 (1971), and *Biello v. Pennsylvania Liquor Control Board,* 1 Pa. Commonwealth Ct. 179 (1971), we also considered the

---

[1] Petition for allocatur to the Supreme Court of Pennsylvania refused by its order dated October 22, 1971.

impact of Article I, Section 11 of the Pennsylvania Constitution and the governmental activity involved as influencing the application of the doctrine; and since our earlier decisions the Supreme Court has again reaffirmed the doctrine of sovereign immunity in *Conrad v. Commonwealth of Pennsylvania, Department of Highways,* 441 Pa. 530, 272 A. 2d 470 (1971).

We would also here note the recent decision of the United States Court of Appeals, Third Circuit, in *William F. O'Neill et ux. v. Commonwealth of Pennsylvania,* 459 F. 2d 1 (1972), rejecting a contention of federal question jurisdiction on the basis of a claim that the doctrine of sovereign immunity violates due process and equal protection clauses of the 14th amendment. Also see *Palmer v. Ohio,* 248 U.S. 32, 63 L. Ed. 108 (1918).

These decisions preclude any further consideration of plaintiff's cause of action by this Court and compel us to sustain the Commonwealth's preliminary objections raising sovereign immunity as a bar to plaintiff's suit. Although not raised by the preliminary objections, we would note that plaintiff's complaint does not allege a single act of negligence on the part of the Commonwealth in the cause of action pleaded which would be reason enough to dismiss the complaint.

The Commonwealth's preliminary objections are hereby sustained and plaintiff's complaint is dismissed.

---

CONCURRING OPINION BY JUDGE CRUMLISH:

I recognize that the Supreme Court of this State has elected not to change its position on the doctrine of sovereign immunity and hence I will conform. I would, however, like to reaffirm my position in *Lovrinoff et al. v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971), and reiterated

in *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971), that the merits of these cases should be considered by this Court.