## Hall *v.* Powers and Commonwealth.

Argued October 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Abraham J. Gafni,* with him *Piwosky and Gafni,* for plaintiff.

*Edward V. A. Kussy,* Assistant Attorney General, with him *Edward A. Hosey,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* for defendants.

OPINION BY JUDGE BLATT, November 6, 1972:

This matter comes within the original jurisdiction of this Court, being a complaint in trespass filed against the Commonwealth and Thomas J. Powers, a Commonwealth employee. The plaintiff claims that she was injured when a generator, pulled by a Commonwealth owned truck, which was driven by Powers, broke free and struck the vehicle which she was driving. The Commonwealth has filed Preliminary Objections, claiming the protection of sovereign immunity from actions in trespass.

This Court has consistently and repeatedly refused to overturn the doctrine of sovereign immunity as laid down by many decisions of our Supreme Court. Our position has most recently been stated in *Duquesne Light Company v. Department of Transportation,* 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972), and previously in *Lovrinoff v. Pennsylvania Turnpike Commission,* 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971).[1] *See Sweigard v. Commonwealth,* 5 Pa. Commonwealth Ct. 637 (1972); *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971); *Kremin v. Commonwealth of Pennsylvania,* 1 Pa. Commonwealth Ct. 642 (1971).

The plaintiff, however, has raised the issue here that Pennsylvania's doctrine of sovereign immunity constitutes a denial of equal protection and due process under the United States Constitution by creating two classes of litigants; those who have a cause of action

_____

[1] Petition for allocatur denied by the Supreme Court of Pennsylvania, October 22, 1971.

because injured by a private tortfeasor, and those whose cause of action is barred by sovereign immunity. In *Duquesne, supra,* however, this Court specifically rejected that contention.

We, therefore, sustain the Commonwealth's preliminary objections, and the plaintiff's complaint is hereby dismissed.

CONCURRING OPINION BY JUDGE CRUMLISH:

I reaffirm my position as stated in *Duquesne Light Company v. Department of Transportation,* 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972), and in the other cases cited by the majority.