Craig S. Kreider, Plaintiff, *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Defendant.

Argued May 7, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Michael Sedor*, with him *Louis J. Adler* and *Kohn, Adler & Adler*, for plaintiff.

*Sanford Kahn*, General Counsel, with him *Robert Englesberg*, Assistant Attorney General, for defendant.

OPINION BY JUDGE ROGERS, August 9, 1973:

Craig S. Kreider has sued the Commonwealth of Pennsylvania in assumpsit, alleging the breach of an oral agreement made by the Pennsylvania Human Relations Commission to employ him as a Human Relations Representative. The complaint avers that in reliance upon the alleged agreement, the plaintiff quit a position of employment and made changes in his living arrangements which caused him substantial financial losses. The Commonwealth has filed preliminary objections in the nature of a demurrer, based upon the Commonwealth's immunity from suit, except as authorized pursuant to Article I, Section 11 of the Commonwealth's Constitution. The objections must be sustained. The doctrine of sovereign immunity, at least against claims arising out of the performance by the Commonwealth of governmental as distinguished from proprietary activities, remains the law of this State. *Biello, Administrator v. Pennsylvania Liquor Control Board, et al.,*    Pa.    , 301 A. 2d 849 (1973).

The cited constitutional provision permits suits against the Commonwealth, "in such manner, in such courts and in such cases as the Legislature may by law direct." As we pointed out in *Armour Rentals, Inc. v. General State Authority*, 4 Pa. Commonwealth Ct. 517, 287 A. 2d 862 (1972), the Legislature has provided for claims against the Commonwealth arising from contracts to be prosecuted before the Board of Arbitration of Claims. Act of May 20, 1937, P. L. 728, as amended, 72 P.S. §4651-1 et seq. As we further pointed out in *Armour*, moreover, the exclusive jurisdiction of the Board of Arbitration of Claims of such claims continues by Section 509(e) (2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, as amended, 17 P.S. §211.509(e) (2).

The preliminary objections are sustained and the plaintiff's complaint is dismissed.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

While I concur in the result reached by the majority and that part of the majority opinion which states that the exclusive jurisdiction for claims against the Commonwealth arising from contracts rests with the Board of Arbitration of Claims, I feel it is necessary to once again reiterate that my position on the doctrine of sovereign immunity remains as stated in *Duquesne Light Company v. Department of Transportation*, 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972); *Lovrinoff v. Pennsylvania Turnpike Commission*, 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971); *Brown v. National Guard*, 3 Pa. Commonwealth Ct. 457 (1971).