Eugene (Cyclone) Hart and Samuel Solomon, Plaintiffs, *v.* Spectrum Arena, Inc., Pennsylvania Athletic Commission and Zack Clayton, Defendants, and Nate Lopinson, Earl Vann and Commonwealth of Pennsylvania, Additional Defendants.

Argued October 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Harris T. Bock*, with him *Alan Schwartz* and *Mendel & Schwartz*, P. C., for plaintiffs.

*Lowell A. Reed, Jr.*, with him *David L. Steck* and *Rawle & Henderson*, for Spectrum Arena, Inc.

*Lawrence Barth,* Assistant Attorney General, with him *Glenn Gilman,* Assistant Attorney General, *Michael Von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for Pennsylvania Athletic Commission and Commonwealth of Pennsylvania.

*Edwin L. Scherlis,* with him *Frank and Margolis,* for Zack Clayton, Nate Lopinson and Earl Vann.

OPINION BY PRESIDENT JUDGE BOWMAN, December 5, 1974:

Eugene (Cyclone) Hart, a professional boxer, was seriously injured during a boxing contest orchestrated under the auspices of the Pennsylvania State Athletic Commission. Hart and Samuel Solomon, Hart's manager, filed a complaint in trespass in the Court of Common Pleas of Philadelphia County alleging that the defendants—Spectrum Arena, Inc., Pennsylvania Athletic Commission and Zack Clayton, the referee of the fight—negligently conducted the boxing contest between Hart and his opponent. Thereafter, the Spectrum filed a complaint against the judges of the fight, Vann and Lopinson, and the Commonwealth of Pennsylvania, alleging that these defendants, in conjunction with Clayton, were solely liable for any damages sustained by the plaintiffs.

The Attorney General, representing the "Commonwealth" and the Commission, filed preliminary objections demurring to the cause of action asserted against the Commonwealth and the Commission by reason of sovereign immunity. Secondly, the jurisdiction of the Court of Common Pleas of Philadelphia County was challenged in view of the fact that the Commonwealth was a party and, thus, pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.401 (Supp. 1974-1975), exclusive jurisdiction for civil actions against the Commonwealth or its agencies is vested in this Court.

The individual defendants, Vann, Lopinson and Clayton also filed preliminary objections challenging the sufficiency of the causes of action asserted against them on the basis of the conditional immunity enjoyed by them as employees of a state agency acting within the scope of their authority.

By concluding that this Court, if any court, had jurisdiction over the cause of action, the Court of Common Pleas of Philadelphia County transferred the matter to this Court. Before us now for consideration are the undisposed of preliminary objections as filed in the Court of Common Pleas of Philadelphia County prior to the transfer.

Our initial inquiry will be directed to the preliminary objections filed by the Commonwealth raising the issue of sovereign immunity. The Pennsylvania State Athletic Commission is a departmental administrative commission within the Department of Revenue. The Commission's powers and duties relating to the regulation of boxing contests are prescribed by the Pennsylvania Athletic Code, Act of August 31, 1955, P. L. 531, *as amended*, 4 P.S. §30.201. The Code confers upon the Commission exclusive jurisdiction over, and control of, professional boxing contests. The Commission is, therefore, a state agency, and, thus, under the Supreme Court decision in *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A. 2d 849 (1973)—which held that state agencies are included under the umbrella of protection of the Commonwealth's sovereign immunity—the Commission is also shrouded with the cloak of sovereign immunity.

The doctrine of sovereign immunity has been under increasingly heavy attack in the Commonwealth, but as recently as 1973, our Supreme Court, in two opinions, *Biello, supra,* and *Brown v. Commonwealth*, 453 Pa. 566, 305 A. 2d 868 (1973), reaffirmed the potency of this doctrine. Although plaintiffs vigorously argue that

this Court has the power to abrogate this doctrine, we have repeatedly held to the contrary. *Duquesne Light Company v. Department of Transportation*, 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972); *Sweigard v. Commonwealth*, 5 Pa. Commonwealth Ct. 637, A. 2d (1972); *Lovrinoff v. Pennsylvania Turnpike Commission*, 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971).

Having concluded that the doctrine of sovereign immunity is applicable to the instant case, plaintiffs' cause of action as asserted against the Commission, must be dismissed, as must the Spectrum's cause of action asserted against the "Commonwealth."

The more difficult area of inquiry revolves around the allegations in plaintiffs' and Spectrum's complaints alleging negligence by the Commission's employees, Clayton, Vann and Lopinson.

In *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), we considered the scope and breadth of immunity afforded to Commonwealth employees by reason of their official position. Therein we concluded that while "high" public officials were unconditionally or absolutely immune from suit when acting within the scope of their employment, lesser public officials were, however, only immune insofar as their conduct was within the scope of their authority and this conduct was not intentionally malicious, wanton or reckless.

While the brief of the defendant, Spectrum Arena, Inc., alleges conduct on the part of Clayton, Vann and Lopinson that might be construed as wanton or reckless, these allegations are not properly to be considered by the Court as they are dehors the record. There are no similar averments contained in either plaintiffs' original complaint, or in the Spectrum's complaint against Vann and Lopinson. In both complaints, the asserted cause of action speaks in terms of negligence, not gross

negligence, and furthermore, factual averments from which an inference of gross negligence could be taken are also noticeably absent.

Since the pleadings fail to allege gross negligence, or to allege any facts from which gross negligence could be inferred so as to give the complaining parties an opportunity to amend their complaints, they are outside the perimeters of our decision in *DuBree, supra.* Accordingly, we must sustain the individual defendants' preliminary objections on the basis of their conditional immunity.

### ORDER

Now, December 5, 1974, the preliminary objections of the Commonwealth and defendants, Vann, Lopinson and Clayton are hereby sustained and plaintiffs' and Spectrum's complaints to these defendants are dismissed.

Having dismissed the above cause of action as to defendant, Commonwealth of Pennsylvania, and its employees, this Court is without jurisdiction over the cause of action asserted against the Spectrum Arena. However, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.503(b) (Supp. 1974-1975) and Pa. R. C. P. No. 213, this Court is mandated to transfer said cause of action to a court of common pleas of proper venue. Accordingly, it is hereby ordered that the above cause of action as asserted against Spectrum Arena, Inc. be transferred to the Court of Common Pleas of Philadelphia County.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.