## Sincovich v. Peterson

Before Mihalich, *J.* and Keim, *P.J.*

*Mahady & Mahady*, for plaintiff.
*W. Arch Irvin*, for original defendant.
*Ralph Conrad*, for additional defendant Dean Klingensmith.
*Louis Anstandig*, and *Robert P. Boyer*, for additional defendant Pennsylvania Concrete Vault Company.

MIHALICH, *J.*, June 16, 1978—This action arose out of an allegedly improper interment of the body

of plaintiff's mother, Nellie Sincovich, in an incorrect burial plot and in a shallow grave. The body of decedent had to be removed and re-interred in the proper burial plot. Plaintiff, Helen Sincovich, alleges in her complaint in trespass that as a result of the negligence of original defendant, Jay B. Peterson, t/d/b/a Jay B. Peterson Funeral Home (hereinafter called Peterson), she has suffered great mental distress. Plaintiff has since amended her complaint to include under count II an assumpsit claim against Peterson for breach of his warranty to provide services to plaintiff in a reasonable and workmanlike manner.

Peterson has joined various additional defendants alleging in his complaint as follows: that additional defendant Dean Klingensmith improperly and negligently dug the grave for Nellie Sincovich; that additional defendant Pennsylvania Concrete Vault Company improperly and negligently interred the remains of Nellie Sincovich; and that additional defendant Youngwood Cemetery failed to supervise and direct the burial of decedent in accordance with recorded burial plot. For the purpose of clarity, additional defendant Dean Klingensmith will hereinafter be referred to as "Klingensmith," additional defendant Pennsylvania Concrete Vault Company as "Vault Company," and additional defendant Youngwood Cemetery as "Cemetery."

Additional defendants Klingensmith and Vault Company filed preliminary objections in the nature of a demurrer which were dismissed by the court en banc on May 28, 1976, and motions for summary judgment contending that under Pennsylvania law there is no cause of action for emotional distress caused by mere "negligence" in the mishandling of a decedent's body. The motions for summary judg-

ment of additional defendants were dismissed by order dated June 7, 1977, for the reason that the same issue was raised in the preliminary objections dismissed by the court on May 28, 1976. By order of court dated June 22, 1977, the court en banc amended its prior order, dated May 29, 1976, dismissing additional defendant's preliminary objections to set forth the reason for such dismissal as being that argument on the issue before the court was premature, and that the preliminary objections were dismissed without prejudice.

Peterson filed an answer to plaintiff's amended complaint on June 29, 1977, and obtained leave of court to file an amended complaint against additional defendants. The court would note that additional defendant Cemetery has not participated in any of the proceedings before this court. It is upon additional defendant Klingensmith and Vault Company's motions for judgment on the pleadings that this case is before this court for consideration.

The issue before this court is whether under Pennsylvania law a cause of action exists for emotional distress caused by negligence or carelessness in the mishandling of a decedent's body. Plaintiff alleges negligence on the part of original defendant Peterson, inter alia; in failing to properly ascertain the correct burial plot in causing the burial of decedent to be made in a shallow grave and on top of decedent Carl Sincovich. Additional defendants contend that plaintiff's complaint fails to state a cause of action in that mere negligence is insufficient in establishing a case for mishandling of a decedent's body.

Section 868 of the Restatement, Torts (1939) provides that one who "wantonly mistreats" or, acting without privilege, "intentionally withholds" the

body of a decedent is liable in tort to the member of decedent's family who is entitled to the disposition of the body. Comments (a) and (b) to section 868 state that such cause of action "exists although there has been no harm except such harm to the feelings as is inseparable from the knowledge of the defendant's conduct." The cause of action is primarily for mental suffering caused by the improper dealing with the body. It includes also the right to recover damages for physical harm resulting from such mental suffering.

The law has only recently recognized that the freedom from mental distress directly caused by wanton or outrageous conduct is entitled to legal protection. The impact rule set forth in Bosley v. Andrews, 393 Pa. 161, 142 A. 2d 263 (1958), at least in its most expansive form, was overturned by the Pennsylvania Supreme Court in Niederman v. Broadsky, 436 Pa. 401, 261 A. 2d 84 (1970). In Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970), defendant, while operating his motor vehicle, struck one Richard Papieves. Without attempting to obtain medical assistance and without notifying the police or the boy's parents, defendant removed Papieves' body from the scene and took it to his home. Defendant hid the body in his garage and later buried it in a field. The Pennsylvania Supreme Court upheld the right of decedent's parents to recover damages for emotional distress, stating at page 380:

"At issue in the present case is the right to recover for emotional distress which—so it is alleged—has directly resulted from defendants' *intentional or wanton misconduct.* Invocation of the impact rule is no more meaningful in this instance than it

would have been in the areas of libel or invasion of privacy where recovery is permitted for mental or emotional distress without regard to the presence of 'impact.' [Cases cited]'' (Emphasis supplied.)

The Pennsylvania Supreme Court in Papieves recognized the right to recover for mental suffering caused by a defendant's wanton or intentional mishandling of the body of a decedent. Consequently, plaintiff, Helen Sincovich, is entitled to recover from defendants if the acts alleged rise to the level of wanton or intentional misconduct. Defendants' preliminary objections and motions for judgment on the pleadings raise as an issue the sufficiency of the complaint in stating a cause of action. A demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit plaintiff to recover: Papieves v. Kelly, supra.; Goodrich-Amram §§1017(b)(11), 1034(b)(1). Plaintiff has pleaded facts which state a cause of action cognizable in this Commonwealth sufficient to get by a demurrer under count I (trespass) of her complaint.

Plaintiff's amended complaint under count II (assumpsit) also states a cause of action for emotional distress as a direct natural and proximate result of Peterson's breach of contract in improperly interring decedent's body. In Samm v. Shingleton, 231 N.C. 10, 55 S.E. 2d 810 (1949), the Supreme Court of North Carolina recognized a plaintiff's right to recover in an assumpsit action for emotional distress resulting from an unworkmanlike interment of a decedent's body, stating at page 813:

"The tenderest feelings of the human heart center around the remains of the dead. When the de-

fendants contracted with plaintiff to inter the body of her deceased husband in a workmanlike manner they did so with the knowledge that she was the widow and would naturally and probably suffer mental anguish if they failed to fulfil their contractual obligation in the manner here charged. The contract was predominantly personal in nature and no substantial pecuniary loss would follow its breach. Her mental concern, her sensibilities, and her solicitude were the prime considerations for the contract, and the contract itself was such as to put the defendants on notice that a failure on their part to inter the body properly would probably produce mental suffering on her part."

Plaintiff labels original defendant's conduct as *negligent* rather than *wanton mistreatment* under count I (trespass) of her complaint. It can be argued that notwithstanding the *facts* alleged, this distinction alone is sufficient to sustain a demurrer. However, where, as in this proceeding, the pleadings allege facts from which wanton mistreatment could be inferred, plaintiff should be afforded the opportunity to amend her complaint: Hart v. Spectrum Arena, Inc. 15 Pa. Commonwealth Ct. 584, 329 A. 2d 311 (1974). Plaintiff is free to amend her complaint where the amendment does not introduce a new cause of action.

". . . the mere fact of the running of the statute of limitations on the cause of action set forth in the plaintiff's complaint does not preclude an amendment of that complaint if the cause of action remains the same. In this instance the test of an amendment is not the statute of limitations, but whether the amendment introduces a new cause of action. Thus, amendments which only restate the

plaintiff's cause of action in a different form and which do the defendant no injury may be made even though the statute of limitations has run. The criterion for determining whether or not an amendment may be made after the statute of limitations has run is whether the defendant will be prejudiced by the amendment or whether the cause of action is changed thereby." 3 Standard Pa. Pract. §21, 683, 684; see also Wolford v. Chambersburg Oil & Gas Co., 88 D. & C. 456 (1951).

In Arlia v. Phila. Transportation Co., (No. 1) 77 D. & C. 21 (1950), the Philadelphia County Court of Common Pleas held that a complaint alleging ordinary negligence cannot be amended after the statute of limitations has run to allege defendant's reckless disregard of plaintiff's safety. Rationale: section 482 of the Restatement, Torts would serve to deny defendant the defense of contributory negligence, and therefore alter the cause of action. The court feels it would be improper to deny plaintiff leave to amend since she acted promptly in filing her complaint. It would appear the court participated in not timely bringing to light the defect in plaintiff's pleading within two years in order that she might amend her complaint. Original defendant has sought, on several occasions, extensions to join additional defendants, and the prior orders of this court en banc may have misled plaintiff as to the sufficiency of her complaint. In order that substantial justice might be obtained between the parties, this court would grant leave to plaintiff to amend her complaint—count I (trespass).

Original defendant Peterson had promptly obtained leave to file his amended complaint against additional defendants raising plaintiff's new assumpsit claim. Once this court's decision disposes

of the outstanding motions, Peterson shall be free to file and serve his amended complaint upon additional defendants.

For the above-mentioned reasons, the court enters the following

## ORDER

And now, June 16, 1978, the prior order of court dated June 7, 1977, which was entered in the above captioned case, is hereby amended to read as follows:

And now, June 7, 1977, it is hereby ordered, adjudged and decreed that the motions for judgment on the pleadings of additional defendants Dean Klingensmith and Pennsylvania Concrete Vault Company are dismissed; and plaintiff, Helen Sincovich, is granted leave to amend her complaint— count I (trespass) within 20 days hereof.