## Hall v. Dreszer

*Marvin I. Barish,* for plaintiff.
*Perry J. Shertz,* for defendant.

BROMINSKI, *J.,* May 23, 1985 — This matter comes before the court upon preliminary objections in the nature of demurrers and alternative objection filed by defendant, George L. Dreszer, M.D., to the amended complaint of plaintiff, Theresa M. Hall, administratix of the estate of Raymond F. Hall, deceased.

In her amended complaint, plaintiff spouse of decedent alleges, inter alia, the following: that at all relevant times, defendant was a duly licensed psychiatrist in the Commonwealth of Pennsylvania engaged in the practice of his profession; that on or about September 9, 1982, George Banks was referred to him for psychiatric evaluation and treatment by Mr. Bank's employer, the Pennsylvania Department of Corrections; that on September 17, 1982, Defendant released Mr. Banks to return to work; that on September 28, 1982, Mr. Banks shot and killed 13 people, of which decedent was one; and that plaintiff has sustained damages as a result of her husband's death for the reason that defendant's examination and treatment of Mr. Banks was negligent.

The specific acts of negligence as alleged in the amended complaint are as follows:

"7. Defendant, in endeavoring to diagnose and treat Banks did not exercise the degree of care *ordinarily* exercised by others of his profession in the United States in the following particulars:

a. Defendant failed to recognize Banks' violent nature.

b. Defendant failed to diagnose Banks as a psychopath.

c. Defendant failed to consider committing Banks to a mental institution." (Emphasis provided.)

The original complaint was filed by plaintiff on September 21, 1984, and the amended complaint on September 24, 1984.

In his demurrer, defendant contends that the amended complaint should be dismissed, because plaintiff has failed to plead a cause of action upon which relief can be granted. The essence of defendant's contention in this regard appears in the following paragraphs of his objection:

"9. The statute of limitations expired on September 28, 1984, seven days after the filing of the original complaint.

10. The Mental Health Procedures Act, July 9, 1976, P.L. 817, §101, 50 P.S. §7101, et seq. provides at §7114:

'(a) In the absence of willful misconduct or gross negligence, a county administrator, a director of a facility, a physician, a peace officer or any other authorized person who participates in a decision that a person be examined or treated under this act, or that a person be discharged, or placed under partial hospitalization, out-patient care or leave of absence, or that the restraint upon such person be otherwise reduced, or a county administrator or other authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, shall not be civilly or criminally liable for such decision or for any of its consequences.

(b) A judge or a mental health review officer shall not be civilly or criminally liable for any actions taken or decision made by him pursuant to the authority conferred by this act.'

11. Section 4(a) of Act September 28, 1978, P.L. 788, repealed section 7114 of the Mental Health Procedures Act insofar as it waives or purports to waive sovereign immunity inconsistent with said Act, but saved this section from repeal insofar as it provides defenses or immunities from suit.

12. Plaintiff's amended complaint does not allege any willful misconduct or gross negligence on the part of defendant, nor does it allege any facts from which gross negligence or willful misconduct could be fairly and reasonably inferred.

13. Plaintiff has failed to plead a cause of action upon which a recovery could be granted against defendant because plaintiff has only alleged simple negligence and defendant is immune from this action pursuant to section 7114 of the Mental Health Procedures Act.

14. Plaintiff cannot amend its complaint subsequent to the expiration of the statute of limitations for the purposes of adding a new cause of action, i.e. adding a cause of action in gross negligence to the simple negligence action which has already been pleaded."

A demurrer admits the factual averments of a complaint for the sole purpose of testing the legal sufficiency of the pleading. What it says, in effect, is that even if the facts set forth are true, they do not constitute a legal claim. Dippel v. Brunozzi, 365 Pa. 264, 74 A.2d 112 (1950).

Quite clearly, plaintiff's amended complaint alleges a cause of action based solely upon ordinary negligence. Moreover, no facts whatsoever are alleged therein from which willful misconduct or gross negligence on the part of defendant might be inferred.

Just as unequivocably, the Mental Health Procedures Act protects defendant against all civil liability

unless it is shown that he is guilty of willful misconduct or gross negligence. It is apparent, therefore, that plaintiff has failed to state a cause of action against defendant upon which relief may be granted.

A liberal right of amendment is afforded all litigants, Pa. R.C.P. 1033, and a complaint may be amended even if doing so changes the cause of action, provided that the statute of limitations has not run. Bata v. Central-Penn National Bank of Philadelphia, 448 Pa. 355, 293 A.2d 343 (1972).

It is undeniable that the statute here has run. This notwithstanding, plaintiff argues that where an amendment merely amplifies or enlarges the existing cause of action, rather than introduces a new cause of action, it must be allowed. Sanchez v. City of Philadelphia, 302 Pa. Super. 184, 448 A.2d 558. She concludes that if she were permitted to amend the amended complaint by referring to defendant's conduct as "willful" or "grossly negligent," same would constitute a mere amplification or enlargement of the cause of action as it is now pleaded. We disagree.

In the first place, if the legislature deemed it appropriate to hold defendant civilly liable for ordinary negligence, it would not have used the words "gross" and "willful" in the act when referring to the nature of defendant's conduct. And, the act must be construed strictly. Commonwealth v. Blaker, 293 Pa. Super. 391, 439 A.2d 168. Such usage, we believe, clearly differentiates the causes of action based upon willful misconduct and gross negligence from those based upon ordinary negligence. See Hart v. Spectrum Arena Inc., et al., 15 Pa. Commw. 584, 329 A.2d 311 (1974).

Moreover, the courts of this Commonwealth have held that by amending a complaint to add an aver-

ment of recklessness and wanton misconduct by a defendant, where the original complaint averred only careless and negligent conduct, presents a new cause of action, because wanton misconduct is something that is different from mere negligence, not only in degree, but in kind, evidencing a different state of mind on the part of the tortfeasor. Jackson v. Waddle, 11 D. & C. 3d 59 (1979) and Dierolf v. Fioritto, 42 D. & C. 2d 689 (1967). Likewise, the words "willful misconduct" and "gross negligence," not only differ in degree from "ordinary negligence," but also connote a more reckless and uncaring mind than that of the tortfeasor who is simply careless.

Therefore, we conclude that to permit plaintiff at this time to amend her amended complaint so as to include averments of gross negligence and/or willful misconduct would be tantamount to permitting her to allege a new and distinct cause of action to the existing complaint, after the statute of limitations has run, resulting in unfair prejudice to defendant. This we cannot do.

Since we conclude that plaintiff may not amend her amended complaint, which fails to state a cause of action against defendant, we need not consider the other objections raised.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that defendant's objection in the nature of a demurrer is sustained, and plaintiff's amended complaint is dismissed with prejudice.